JOHN SOUTHALL, Appellant, v. LEE HERRING, Respondent.

(182 N. W. 753.)

**Replevin — ownership and right of possession of hay held for jury.**

In an action in claim and delivery for certain hay involving the question of the title and the right of possession thereof, it is *held*, for reasons stated in the opinion, that the issue of ownership and right of possession were questions of fact for, and properly submitted to, the jury.

Opinion filed April 26, 1921.

Action in claim and delivery in District Court, Lamoure County, *Graham, J.*

Plaintiff has appealed from a judgment and order denying a new trial.

Affirmed.

*Hutchinson & Lynch,* for appellant.

In an action of replevin in the absence of any direct evidence to the contrary, possession is presumptive evidence of ownership, but when direct evidence is offered the fact of possession loses its presumptive character and is to be used only in connection with other facts at its real probative value. 34 Cyc. 1391, 1501.

The jury should have been instructed to take into consideration all the circumstances surrounding the pretended transfer of this hay from Pugh to Herring and should have been instructed as to the question of fraud. 34 Cyc. 1491, 1519; Pinkerton Bros. Co. v. Bromley (Minn.) 87 N. W. 200.

After the showing made by the plaintiff as to his ownership, the defendant must show that Pugh had the right to sell the hay. 34 Cyc. 1502; Pion v. Scolnik, 177 N. Y. Supp. 872.

Under the issues of ownership and the denial of ownership and the right of possession, either party may show that the right of the adverse party to possession is based upon fraud. 24 Cyc. 1399; Manufacturing Co. v. Daley, 6 N. D. 331; Kenney v. Goergen (Minn.) 31 N. W. 210; Benish v. Waggner (Colo.) 21 Pac. 706.

*A. G. Porter,* for respondent.

Where the jury has determined a fact from conflicting evidence this court will not disturb such verdict. This hardly needs citation. Mon-

tana Eastern R. Co. v. Bebeck, 32 N. D. 162; Rittle v. Woodward, 31 N. D. 113.

BRONSON, J. This is an action in claim and delivery for twenty-five tons of hay. The plaintiff has appealed from the judgment in favor of the defendant and an order denying a new trial. The facts are substantially as follows:

During the year of 1917 the plaintiff made an oral agreement with one Pugh concerning 69 acres of hay land owned by the plaintiff. The agreement was to the effect that Pugh should cut and stack the hay on such land and receive one half of the hay crop, or that, upon the payment of $2 per acre, Pugh should have the hay. In accordance with plaintiff's testimony, the hay should remain upon his land until payment was made therefor. In accordance with Pugh's testimony, he was to become the owner of the hay as soon as settlement was made with the plaintiff. On September 28, 1917, settlement was made between the plaintiff and Pugh concerning this hay through the payment of $118.60 as part of the proceeds of some wheat hauled to plaintiff's elevator by Pugh. At that time certain notes and papers were turned over by the plaintiff to Pugh. There was a balance then left of $19.40 due for the hay. In accordance with Pugh's testimony, this transaction was a settlement for the hay. On September 29, 1917, Pugh gave a bill of sale for twenty-five tons of such hay to the defendant. A few days afterwards one Flood, while about to haul some of such hay covered by the bill of sale, as the defendant claims, was advised by the plaintiff of this balance still due for the hay. Flood testified that the plaintiff retained some $16.65 due Flood for a labor lien, to apply upon such hay balance. A few days subsequent the defendant hauled the hay. Subsequent to the settlement made between the plaintiff and Pugh, plaintiff paid $118.60, above mentioned, to the bank for the reason, as he claims, that the bank had a prior lien upon the wheat hauled by Pugh to the elevator. Pugh testified that he had previously made settlement with the bank concerning his obligations and had renewed his indebtedness by new notes and liens.

In the trial of the action much evidence was introduced concerning the transaction of Pugh covering crops raised in 1917 upon other lands, his indebtedness to the plaintiff, to the defendant, and to the

bank, and also with reference to the fraudulent attempt to dispose of this hay without payment to the plaintiff of the amount due him. Considerable of this evidence is without the main issue involved.

Upon the record, the issue of the ownership of this hay was fully presented to the jury. This issue was whether the plaintiff retained title and the right to possession of this hay until payment was fully made therefor, or whether he released his title and right of possession upon the settlement made by Pugh with him. This issue, upon the record, was a question of fact for the jury.

The plaintiff has specified many errors in the rulings and instructions of the trial court in the progress of the trial. It is unnecessary to state them in detail. They are deemed without merit. The trial court gave ample latitude to both parties to bring out all of the facts before the jury, pertinent to the issues involved in the action and properly and fairly submitted upon instructions to the jury the issue of ownership under the disputed testimony. There is evidence in the record to warrant the finding of the jury that Pugh made the bill of sale to the defendant bona fide and upon ample consideration. The issues involved are wholly issues of fact and this court is not warranted in disturbing the verdict of the jury so determining these issues upon conflicting evidence. The judgment and order are in all things affirmed with costs to the respondent.

ROBINSON, Ch. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J., I concur in the result.